UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RALPH BYRD COOPER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:12-cv-76 |
| | ) (VARLAN/SHIRLEY) |
| PAUL WHITE, AVERY JOHNSON, | ) |
| CHARLES TOWNSEND, and | ) |
| ADVANCED CORRECTIONAL HEALTH CARE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the Court on various dispositive and non-dispositive motions filed by the parties. For the following reasons, plaintiff's motion to amend the complaint [Doc. 20], to the extent plaintiff seeks to amend his complaint to expand and clarify his claims against the defendants and to state a claim against Anderson County, Tennessee, under the Americans with Disabilities Act, is **GRANTED**. The Clerk is **DIRECTED** to file the amended complaint and to send the plaintiff a service packet for Anderson County, Tennessee, which plaintiff should complete and return to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. The motions to dismiss filed by defendants Townsend [Doc. 12] and defendant Advanced Correctional Health Care [Doc. 14] are **DENIED** as **MOOT**. The motion to dismiss filed by defendants Johnson and White [Doc. 24] is **GRANTED** as set forth herein. Defendant Townsend's motion for joinder [Doc. 26] is **GRANTED**. The claims

against defendants Johnson, White, and Townsend in their individual capacities under the Americans with Disabilities Act are **DISMISSED**. The motion for discovery filed by defendants White and Johnson [Doc. 31] is **DENIED** as **MOOT**. Plaintiff's motion to subpoena medical records [Doc. 46] is **DENIED**.

Plaintiff is in the custody of the Tennessee Department of Correction. Briefly stated, his complaint concerns an alleged denial of medical care that occurred during his confinement in the Anderson County Detention Facility. The defendants are Anderson County Sheriff Paul White, Chief Avery Johnson, Dr. Charles Townsend, and Advanced Correctional Health Care.

After plaintiff filed his original complaint, defendants Townsend and Advanced Correctional Health Care each filed a motion to dismiss for failure to state a claim. Plaintiff then filed his motion to amend his complaint, along with a proposed amended complaint, which for good cause shown is **GRANTED**. Defendants Townsend and Advanced Correctional Health Care then each filed a motion to dismiss the proposed amended complaint. The motions to dismiss the original complaint filed by defendants Townsend and Advanced Correctional Health Care are **DENIED** as **MOOT**.

After plaintiff filed his motion to amend his complaint, defendants Johnson and White filed a motion to dismiss the claims against them in their individual capacities under the Americans with Disabilities Act. Defendant Townsend filed a motion for joinder, in which he seeks to join in the motion to dismiss filed by defendants Johnson and White. The motion for joinder is **GRANTED**. The motion to dismiss is well-taken and is **GRANTED**. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) ("Under the case law of this circuit and

2

Case 3:12-cv-00076   Document 48   Filed 03/18/13   Page 2 of 3   PageID #: 505

our sister circuits, the proper defendant under a Title II claim is the public entity or an official acting in his official capacity.... Title II of the ADA does not, however, provide for suit against a public official acting in his individual capacity.") (internal citations omitted). The claims against defendants Johnson, White, and Townsend in their individual capacities under the Americans with Disabilities Act are **DISMISSED**.

Defendants Johnson and White have filed a motion for discovery, in which they seek leave to submit discovery requests without waiting for the discovery conference required by Rule 26(f) of the Federal Rules of Civil Procedure. The defendants contend that such a meeting would be unduly burdensome because plaintiff is incarcerated. Actions brought by a *pro se* prisoner are exempt from the requirement for a discovery conference. Fed. R. Civ. P. 26(a)(1)(B)(iv) & (f)(1). Accordingly, the motion for discovery is **DENIED** as **MOOT**.

Plaintiff moves the Court to issue a subpoena for his medical records that are in the possession of the Northeast Correctional Complex, the institution where he is incarcerated. Plaintiff states the basis for the motion is that defendants Townsend and Advanced Correctional Health Care have asked for the records in their request for discovery, and that plaintiff has requested the records but been unable to obtain them. The motion is **DENIED**. If the defendants seek production of plaintiff's medical records, the parties should proceed on the basis of plaintiff's signed consent to the release of copies of his medical records.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE