UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RALPH BYRD COOPER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-cv-76 |
| ) | (VARLAN/SHIRLEY) |
| PAUL WHITE, AVERY JOHNSON, ) | |
| CHARLES TOWNSEND, and ) | |
| ADVANCED CORRECTIONAL HEALTHCARE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the Court on the motions to dismiss filed by defendants Charles Townsend and Advanced Correctional Healthcare. For the following reasons, the motions to dismiss filed by defendant Advanced Correctional Healthcare [Doc. 44] and defendant Charles Townsend [Doc. 42] are **GRANTED**.

**I.      Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain

'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## II.   Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). Briefly stated, his complaint concerns an alleged denial of medical care that occurred during his confinement in the Anderson County Detention Facility (ACDF). The defendants are

2

Anderson County, Tennessee; Anderson County Sheriff Paul White; Chief Avery Johnson; Dr. Charles Townsend; and Advanced Correctional Healthcare (ACH).

Plaintiff alleges the following in his Amended Complaint with respect to defendants Townsend and ACH. [Doc. 20, Amended Complaint. ACH is a private corporation under contract with Anderson County, Tennessee, to provide medical care to inmates at the ACDF; Dr. Townsend is an employee of the corporation and the head physician at the facility. [*Id*. at 4]. On November 9, 2010, while in the custody of the TDOC, he was brought to the ACDF for the purpose of appearing before the Anderson County Criminal Court for resentencing on remand from the Tennessee Supreme Court. [*Id*. at 5]. At that time, he weighed more than 350 pounds, suffered from diabetes and degenerative disc disease, and had a bone fragment in his right ankle which necessitated the use of crutches for walking and standing. [*Id*. at 6].

Upon his arrival at the ACDF, defendant Townsend stopped his pain medication that had been prescribed by his TDOC treating physicians. [*Id*. at 6-7]. Plaintiff makes additional allegations against other defendants that are not relevant to defendants Townsend and Advanced Correctional Health Care.

On November 19, 2011, plaintiff fell in the shower and was taken to the Mercy Medical Center emergency room for x-rays and then returned to the ACDF later that day. [*Id*. at 8]. Upon his return defendant Townsend ordered his crutches taken from him and he had to crawl on the cell floor to get around. [*Id*. at 9]. Defendant Townsend also ordered his wheelchair taken, to be used only when he was out of his cell. [*Id*.]. Defendant Townsend

3

took more than a week to follow up on his injuries, and defendant Townsend refused to give plaintiff the pain medication prescribed by the emergency room doctor. [*Id*. at 10]. When plaintiff finally saw defendant Townsend and complained of continuing chronic pain, defendant Townsend did not examine him but just stated it was because he was obese and needed to lose weight. [*Id*. at 10-11]. Defendant Townsend also disregarded the emergency doctor's order that if plaintiff's pain continued he should return to the emergency room. [*Id*. at 11].

On December 7, 2011, plaintiff filed a request for pain medication and a request to be seen by a back and spine doctor, both of which were denied by defendant Townsend. [*Id*. at 12]. Plaintiff filed another request for pain medication and outside consultation, which was denied by defendant Townsend. [*Id*.]. On January 16, 2012, plaintiff filed a medical grievance concerning his pain and the denial of medication; defendant Townsend answered the grievance stating that all plaintiff wanted was pain pills, which are for acute injuries and not chronic pain. [*Id*. at 13]. Based upon the foregoing, plaintiff alleges that defendant Townsend exhibited deliberate indifference to plaintiff's serious medical needs, in violation of his Eighth Amendment right against cruel and unusual punishment.

With respect to defendant ACH, plaintiff's amended complaint states that ACH was deliberately indifferent to his medical needs by "failing to conduct a proper investigation into the matter, and for supporting the decisions of ACH medical personnel." [*Id*. at 19].

4

**III. Discussion**

The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is

5

distinguishable from an inadvertent failure to provide adequate medical care. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.")..

### A. Defendant Advanced Correctional Health Care

Plaintiff alleges that defendant ACH was contractually obligated to provide medical care to the inmates of the ACDF. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners. *See, e.g., Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003). Nevertheless,"respondeat superior alone cannot create liability under § 1983." *Id*. at 101. For a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id*. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under §

6

1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Plaintiff's complaint against ACH is basically that it failed to monitor Dr. Townsend's treatment of plaintiff. Plaintiff has not identified a policy or custom that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employee. Accordingly, plaintiff's complaint fails to state a claim against defendant ACH and the motion to dismiss filed by defendant ACH is **GRANTED**.

### B.    Defendant Charles Townsend

Plaintiff sued defendant Townsend in both his individual and official capacities. The Court first notes that all claims against defendant Townsend in his individual capacity under the Americans with Disabilities Act have been dismissed. Defendant Townsend moves to dismiss the remainder of plaintiff's claims against him.

When a county defendant is sued in his official capacity, the Court must proceed as if the plaintiff has in fact sued the county itself, in this case Anderson County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); Brandon v. Holt, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail the plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Anderson County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

7

There is nothing in the record to suggest that the alleged violation of plaintiff's civil rights was the result of any custom or policy on the part of Anderson County, Tennessee. Accordingly, the motion filed by defendant Townsend in his official capacity is **GRANTED**.

With respect to the claims against him in his individual capacity, Defendant Townsend contends that he is not a state actor but only a private citizen. The Court disagrees. Because he was providing medical care to inmates in the Anderson County Detention Facility, defendant Townsend was clearly acting under color of state law. "A physician who contracts to provide medical services to prison inmates ... acts under color of state law for purposes of § 1983." *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012); *see also West v. Atkins*, 487 U.S. 42, 55-56 (1988).

Defendant Townsend also refers the Court to the recent decision of *Minneci v. Pollard*, 132 S. Ct. 617 (2012). In *Minneci*, the Supreme Court held that an inmate does not have an Eighth Amendment claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the private employees of the privately operated federal prison where the inmate is confined. Plaintiff was not a federal prisoner, however, nor was he confined in a privately operated facility and thus *Minneci* does not apply in this case.

Nevertheless, the Court finds that plaintiff's complaint fails to state a claim against defendant Townsend. A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (citation omitted). The only medical evidence in the record is a progress note dated

8

November 19, 2011, and provided by the plaintiff, which indicates that plaintiff fell in the shower and was taken to the emergency room where he was cleared to return to the ACDF. [Doc. 1, Complaint, Exhibit C, Medical Progress Note].

Plaintiff relies only on his own unsubstantiated claims that he suffered injury from a delay in treatment and the refusal of the defendant to give him pain medication. Plaintiff has failed to submit any evidence to support his allegations. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 F. App'x 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions"). Based upon the foregoing, the motion to dismiss filed by defendant Townsend in his individual capacity is **GRANTED**.

### IV. Conclusion

The motions to dismiss filed by defendant ACH and defendant Charles Townsend are **GRANTED**. Defendants ACH and Charles Townsend are **DISMISSED** from this action.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE